REDMANN, Judge.
Defendant husband appeals from a judgment which granted his wife’s petition for separation and alimony and dismissed his reconventional demand for separation.
Only husband • and wife testified. It is admitted the husband left the matrimonial domicile, but he testified that he did so because of unbearable problems with the wife’s major son by a prior marriage. He also said that he asked the wife to leave with him but she refused. (The wife’s condoning of her son’s abusive behavior and her refusal to order the son away from the marital domicile were also alleged as the husband’s ground for judicial separation.)
The wife denied that the husband asked her to go with him. Especially in view of the circumstances that she had two young grandchildren (by a predeceased daughter) living with her and that her husband went to his parents’ house which could not have accommodated them, we cannot say the trial judge erred in believing the wife’s testimony that the husband did not invite the wife to go with him.
Nor can w.e disagree with the trial court’s conclusion that the husband did not prove fault on the wife’s part sufficient to justify his moving out. At most the husband’s proof is that the wife did not evict nor correct her 21-year-old son, whose behavior included shooting himself in the foot three months before the breakup here involved. Why the husband himself did *726 not evict the youth is not satisfactorily explained, although he did testify of fear of the youth and, on 'the night he left his home, a death threat by the youth. The husband’s evidence suggests living with the youth may be intolerable but does not prove that living with the wife was so intolerable as to justify his leaving her.
The judgment is affirmed.